IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

DERRICK L. STOKES                                                 PETITIONER

VS.                                    CIVIL ACTION NO. 3:11cv616-DPJ-FKB

STATE OF MISSISSIPPI                                       RESPONDENT

**REPORT AND RECOMMENDATION**

This is an action filed pursuant to 28 U.S.C. § 2254 by Derrick L. Stokes, a state prisoner. Presently before the Court is the motion of the state to dismiss the petition as untimely. Having considered the motion and Petitioner's response, the undersigned recommends that the motion be granted and the petition be dismissed with prejudice.

Petitioner entered a plea of guilty on May 12, 2008, in the Circuit Court of Madison County, Mississippi, to one count of gratification of lust and one count of exploitation of a child. He was sentenced to a term of fifteen years and ten years, respectively, the sentences to run consecutively and the last five years to be served on post-release supervision. On July 20, 2009, Stokes filed with the Mississippi Supreme Court a petition for writ of mandamus, in which he requested that the trial court be ordered to rule on a motion for post-conviction relief (PCR motion) that he claimed to have filed on November 5, 2008. Although he attached to the petition a copy of the PCR motion, his copy of the motion was not file-stamped. The Supreme Court directed the circuit judge to respond to the petition. In his response, the judge stated that Stokes had no PCR motion on file.

The supreme court denied the writ. Thereafter, on January 26, 2010, Stokes filed a copy of the same PCR motion he claimed to have filed previously. That motion was denied by the trial judge on March 5, 2010. Stokes appealed the denial of his PCR motion. Although the notice of appeal was file-stamped on June 4, 2010, the Mississippi Court of Appeals concluded that, pursuant to the prison mail-box rule, it was deemed to have been filed on April 8, 2010–the date which the court of appeals found to be the date Stokes had presented it to prison officials for mailing. On July 19, 2010, the Mississippi Court of Appeals dismissed the appeal as untimely because Stokes had missed the April 5, 2010 deadline. *See* Miss. R. App. P. 4.[1] Stokes filed his habeas petition in this court on or after September 29, 2011.[2]

The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year statute of limitation for petitions for writs of habeas corpus under section 2254:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the

---

[1] Stokes alleged on appeal that he had actually delivered the notice to a representative of the Inmate Legal Assistance Program (ILAP) on April 5, 2010. According to Stokes, he was in the infirmary at this time, and the ILAP representative came to the infirmary to pick up the notice for mailing. However, the prison mail log indicated that Stokes had presented a notice of appeal for mailing on April 8, 2010, not April 5.

[2] Under the "mailbox rule," a prisoner's *pro se* federal habeas petition is deemed filed on the date he delivers the petition to prison officials for mailing to the federal district court. *Coleman v. Johnson*, 184 F.3d 401 (5th Cir. 1999). Thus, Stokes's petition was "filed" sometime between the date it was signed, September 29, 2011, and the date it was received and filed by the district court, September 30, 2011.

2

conclusion of direct review or the expiration of the time for
seeking such review;

(B) the date on which the impediment to filing an application
created by State action in violation of the Constitution or laws
of the United States is removed, if the applicant was prevented
from filing by such State action;

(C) the date on which the constitutional right asserted was
initially recognized by the Supreme Court, if the right has been
newly recognized by the Supreme Court and made
retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or
claims presented could have been discovered through the
exercise of due diligence.

(2) The time during which a properly filed application for State post-
conviction or other collateral review with respect to the pertinent judgment or
claim is pending shall not be counted toward any period of limitation under
this subsection.

28 U.S.C. § 2244(d). Petitioner's conviction became final no later than June 11, 2008--

thirty days after he was sentenced on his guilty plea, and his one-year limitations period

began to run no later than that day.[3] He had one year from that date, or until July 11,

2009, in which to file for federal habeas relief, subject to tolling for any period during which

a properly-filed motion for post-conviction relief was pending in the state court. The state

argues that because Stokes had no properly-filed application for post-conviction relief

---

[3]By statute, there is no direct appeal from a guilty plea. *See Miss. Code Ann.*
§ 99-35-101. However, at the time of Stokes's guilty plea, the Mississippi Supreme
Court recognized an exception to this prohibition, allowing an appeal within thirty
days of the sentencing order when the issue concerned an allegedly illegal sentence.
*See, e.g.*, *Acker v. State,* 797 So. 2d 966 (Miss. 2001). (This exception has since
been eliminated for guilty pleas taken after July 1, 2008. *See Seal v. State*, 38 So.
3d 635 (Miss. App. 2010)). Therefore, at the latest, pursuant to *Roberts v. Cockrell*,
319 F.3d 690 (5th Cir. 2003), Stokes's conviction became final when his thirty-day
period for seeking review of the sentence expired.

3

pending in the state court at any time prior to or on June 11, 2009, his one year expired on that day, and therefore, his petition is untimely.

In his response to the state's motion to dismiss, Stokes argues that he did in fact file a PCR motion with the state court on November 5, 2008, but that the state court failed to file-stamp it or otherwise document the filing. He has, however, offered no convincing evidence to support this allegation. Furthermore, as the state points out, his petition would still be untimely even if tolling were allowed beginning November 5, 2008. Tolling would have ended on April 5, 2010, the day Stokes missed his appeal deadline. *See Williams v. Cain*, 217 F.3d 303 (5th Cir. 2000) (prisoner's state application for post-conviction relief ceased to be pending, for purposes of § 2244(d), when he failed to meet deadline for further review).[4] The statute would have been tolled for the 516 days, and Stokes's one-year deadline would have expired on November 9, 2010 (June 11, 2009, plus 516 days). Thus, his habeas petition would still have been nearly eleven months too late.

For these reasons, the undersigned recommends that Stokes's petition be dismissed as untimely. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; Fed. R. Civ. P.

---

[4]Because compliance with the procedural filing requirements for an appeal is a matter of state law, this court defers to the Mississippi court's determination that Stokes failed to meet the thirty-day deadline. *See Broussard v. Thaler*, 414 Fed. Appx. 686, 688 (5th Cir. 2011).

4

72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 3rd day of July, 2012.

/s/ F. Keith Ball<br>UNITED STATES MAGISTRATE JUDGE