IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

DERRICK L. STOKES                                                                PETITIONER

v.                                                        CIVIL ACTION NO. 3:11cv616-DPJ-FKB

STATE OF MISSISSIPPI                                                            RESPONDENT

ORDER

This petition for writ of habeas corpus is before the Court on the Report and Recommendation [16] of Magistrate Judge F. Keith Ball. Judge Ball recommended dismissal of Stokes's petition as untimely. Stokes filed a Motion for Certificate of Appealability [17], which the court will treat as an Objection under Federal Rule of Civil Procedure 72(b)(2). The Court, having fully reviewed the Report and Recommendation and Stokes's Objection, finds that said Report and Recommendation should be adopted as the opinion of this Court.

Stokes's conviction became final on June 11, 2008, after which he had one year to file for federal habeas relief under the Anti-Terrorism and Effective Death Penalty Act of 1996, subject to tolling for any period during which a properly-filed motion for post-conviction relief was pending in state court. 28 U.S.C. § 2254(d). Judge Ball concluded that Stokes presented "no convincing evidence to support" his assertion that he had properly filed a PCR motion on November 5, 2008, so as to toll his habeas statute of limitations. Report and Recommendation [16] at 4. Judge Ball further noted that even if Stokes had filed his PCR motion on November 5, 2008, the statute would have been tolled only until April 5, 2010, the day Stokes missed the deadline to appeal the denial of his PCR motion, or for 516 days. *Id.* Giving Stokes the benefit of those 516 days, Judge Ball concluded that the statute of limitations would have expired on

November 9, 2010—nearly eleven months before he filed his habeas petition on September 30, 2011. *Id.*

In his objection, Stokes makes two arguments related to the timeliness of his petition: (1) his attempt to file a PCR motion on November 5, 2008, was effective to toll the statute of limitations, and (2) he presented his notice of appeal of the denial of his PCR motion to prison officials on March 27, 2010, making his appeal timely. On the first point, Judge Ball gave Stokes the benefit of tolling despite his failure to establish that he effectively filed a PCR motion on November 5, 2008, and concluded that the petition was nevertheless untimely. The Court agrees that even if Stokes had filed a PCR motion on November 5, 2008, his petition was still filed almost eleven months too late. As to Stokes's second point, the Mississippi Court of Appeals concluded that his notice of appeal was delivered to prison officials for mailing on April 8, 2010, and that his appeal was therefore untimely under Mississippi law. *Stokes v. State*, 66 So. 3d 746, 748–49 (Miss. Ct. App. 2011). As Judge Ball noted, this Court defers to a Mississippi court's application of state procedural requirements. Report and Recommendation [16] at 4 n.4; *see Wion v. Quarterman*, 567 F.3d 146, 148 (5th Cir. 2009). Because the Mississippi Court of Appeals determined that Stokes failed to timely appeal the denial of his PCR motion under Mississippi law, the statute of limitations on Stokes's federal habeas petition ceased being tolled on April 5, 2010, when he missed the appeal deadline. Thus, even giving Stokes the benefit of tolling from the date he claims he first attempted to file a PCR motion, the statute of limitations on his habeas petition expired on November 9, 2010, and Stokes's habeas petition should therefore be dismissed as untimely.

IT IS, THEREFORE, ORDERED that the Report and Recommendation of United States Magistrate Judge F. Keith Ball be, and the same is hereby, adopted as the finding of this Court. Stokes's claims are dismissed with prejudice.

A separate judgment will be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure.

**SO ORDERED AND ADJUDGED** this the 2nd day of August, 2012.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE